

UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SHANNON WYNNE, </br></br> Plaintiff </br></br> v. </br></br> I. C. SYSTEM, INC., </br></br> SERVE:   John Erickson IV </br>                444 E Hwy 96 </br>                St. Paul, MN 55127 </br></br> FIRST POINT COLLECTION RESOURCES, INC., </br></br> SERVE:   Anthony Robertson </br>                225 Commerce Place </br>                Greensboro, NC 27401 </br></br> Defendants | Civil Action No. 2:15cv121 |

## COMPLAINT

COMES NOW the Plaintiff, Shannon Wynne ("Wynne" or "Plaintiff"), by counsel, and as for her Complaint against the Defendants, she alleges as follows:

1. This is an action for actual and statutory damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act or "FDCPA") against both Defendants, and pursuant to N.C. Gen. Stat. § 58-70, *et seq.* (the North Carolina Fair Debt Collection Practices Act) against Defendant First Point Collection Resources, Inc.

## JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331. Supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff is a natural person who resides in the Commonwealth of Virginia and at all times relevant to this Complaint was a "consumer" as that term is defined by the FDCPA, at 15 U.S.C. § 1692a(3).

4. Defendant I.C. System, Inc. (hereafter, I.C. System) is a Minnesota Stock Corporation. The Defendant's principal business purpose is the collection of debts, and it is a debt collector as that term is defined in 15 U.S.C. § 1692a(6).

5. Defendant First Point Collection Resources, Inc. (hereafter, First Point) is a North Carolina Stock Corporation. The Defendant's principal business purpose is the collection of debts, and it is a debt collector as that term is defined in 15 U.S.C. § 1692a(6). First Point is also a licensed and registered collection agency pursuant to N.C. Gen. Stat. § 58-70-1 and as such is subject to the prescriptions and prohibitions of N.C. Gen. Stat. § 58-70 where and whenever it may collect debt.

## STATEMENT OF FACTS

6. Non-party Branch Banking & Trust Bank (hereafter BB&T) contented that Plaintiff incurred a financial obligation in the form of a personal checking account overdraft that was primarily for personal, family, or household purposes.

7. BB&T attempted to collect that debt from Plaintiff through legal process but failed. BB&T appealed that failure to the Virginia Beach Circuit Court which reaffirmed the finding for Plaintiff and against BB&T in Case Number CL12-4826 on April 24, 2013. This information is available on the Supreme Court of Virginia website.

8. Defendants knew or should have known of the findings in Virginia Beach Circuit Court Case Number CL12-4826, but attempted to collect this debt from Plaintiff anyway.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
**Claim against all Defendants**

9. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

10. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) by their actions, which include, but are not limited to, the false representation of the character, amount, or legal status of any debt.

11. Plaintiff is therefore entitled to actual and statutory damages against the Defendants, as well as reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
### VIOLATION OF 15 U.S.C. § 1692f(1)
**Claim against all Defendants**

12. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

13. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by their actions, which include, but are not limited to, the collection of amounts not permitted by law.

14. Plaintiff is therefore entitled to actual and statutory damages against the Defendants, as well as reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
### VIOLATION OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen. Stat. § 58-70-110
**Claim against Defendant First Point**

15. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

16. The Plaintiff is a "consumer" as the term is defined by N.C. Gen. Stat. § 58-70-90(2).

17. The Defendant First Point is a "collection agency" as the term is defined by N.C. Gen. Stat. § 58-70-90(1), and is duly licensed and registered collection agency pursuant to N.C. Gen. Stat. § 58-70-1.

18. The Defendant First Point fraudulently and deceptively and in a misleading way falsely misrepresented the legal status, amount, and character of the debt in violation of N.C. Gen. Stat. § 58-70-110 and § 58-70-115.

19. Plaintiff is therefore entitled to actual and statutory damages against the Defendants pursuant to N.C. Gen. Stat. § 58-70-130.

## COUNT FOUR:
### VIOLATION OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen. Stat. § 58-70-115
**Claim against Defendant First Point**

20. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

21. The Plaintiff is a "consumer" as the term is defined by N.C. Gen. Stat. § 58-70-90(2).

22. The Defendant First Point is a "collection agency" as the term is defined by N.C. Gen. Stat. § 58-70-90(1), and is duly licensed and registered collection agency pursuant to N.C. Gen. Stat. § 58-70-1.

23. The Defendant First Point unfairly attempted to collect the debt by misrepresenting the legal status, amount, and character of the debt in violation of N.C. Gen. Stat. § 58-70-115.

24. Plaintiff is therefore entitled to actual and statutory damages against the Defendants pursuant to N.C. Gen. Stat. § 58-70-130.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act and the North Carolina Fair Debt Collection Practices Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted this 23rd day of March, 2015.

/s/ Eric Leckie
Eric Leckie, Esq.
VA State Bar #86847
The Law Offices of Eric Leckie, PLLC
999 Waterside Drive, STE 2525
Norfolk, VA 23510
(757) 474-2930
(757) 476-3231 (fax)
ericleckie@leckielaw.com